In the Matter of the Application to Punish Isadore Freitag and W. Mandeville Troy for an Alleged Contempt of Court, Arising Out of Conduct in the Case of The People of the State of New York against Isadore Freitag.

Supreme Court, Cattaraugus County, December 3, 1930.

*James M. H. Wallace*, for the petitioner.

*D. L. Jewell*, for Isadore Freitag.

Hinkley, J. This is a motion to dismiss an order of certiorari heretofore granted by this court, upon the ground that at the time of its service the petitioner did not pay to the clerk or the judge the sum of two dollars and the additional sum of ten cents for each folio of the copies of the papers required to be returned under the order of certiorari.

There has been no statute called to the attention of the court that required that such fee be paid by petitioner, except that

section 1298 of the Civil Practice Act provides that no judge or clerk shall be punished for contempt unless that sum is paid.

The petitioner was convicted by Hon. ORLA E. BLACK, county judge of Cattaraugus county, of a criminal contempt committed in the presence of the court, and sentenced to fine and imprisonment. Thereafter, Justice NOONAN, of this court, granted an order of certiorari to review that conviction and sentence. This order was directed to the County Court of Cattaraugus county, the Hon. ORLA E. BLACK, county judge of said county, and William H. Eldredge, clerk of said County Court and of said county of Cattaraugus. Service of the order was made by filing with the clerk of the court, as provided by section 1294 of the Civil Practice Act. No return by the court or judge has been made for the reason as set forth in the letter of the latter, dated April 28, 1930, that he is ready to file his return upon payment of the sum set forth in section 1298 of the Civil Practice Act. Attached to the letter is the bill of Bernice G. Kenyon, addressed to the petitioner's attorney, which bill contains an apparent error in computation.

This is not a motion to compel a return. It is a motion by counsel for the insurance companies, in behalf of the judge before whom the contempt was committed, to dismiss the order of certiorari heretofore granted. He is the one required to make the return. The court is informed that Miss Kenyon is the duly qualified stenographer of his court, appointed under the power conferred in the Judiciary Law. If a transcript of evidence is necessary as part of the return, she must furnish such transcript to him without charge, under section 300 of the Judiciary Law. This copy is not being furnished to a party or his attorney, and section 1544 of the Civil Practice Act has no application. No statute has been called to the court's attention giving to the county judge the power to require either the petitioner or his counsel to pay the stenographer of the County Court for a transcript of evidence to be included in the return of the judge of the County Court to an order of certiorari to review a trial and conviction in said court for criminal contempt.

Motion denied, with ten dollars costs.